IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ADRIAN NATHANIEL BACON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:14CV00612 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **WARDEN RANDALL MATHENA, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Adrian Nathaniel Bacon, Pro Se Plaintiff.*

Plaintiff Adrian Nathanial Bacon, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison officials punished him for exercising his religious belief by placing him under the restrictive conditions of the prison's hunger strike protocol. After review of the record, I conclude that Bacon's Complaint must be summarily dismissed for failure to state any claim actionable under § 1983 and that his separate Motion for a Preliminary Injunction must be dismissed as moot.

Bacon alleges that on October 20, 2014, he was fasting for religious reasons. A group of Red Onion administrators and officers determined that Bacon should be placed on "Hunger Strike Protocol." (Compl. 2.) Under this protocol, officials removed all Bacon's property from his cell except his boxer shorts. Bacon remained in this "strip cell" status for thirty-two hours. (*Id.*) Although the

protocol allowed him to have a mattress during nighttime hours, no one provided him with a mattress, which forced him to attempt sleep on a steel cot. Bacon claims that as a result of these uncomfortable conditions, he suffered pain in his lower back and right side for which he was given medication. Officers also denied Bacon his legal mail during this period, which "almost caus[ed]" him to miss a court-ordered deadline. (*Id.*) Because of the harsh conditions, Bacon cut short his religious fast.

I must dismiss any action or claim filed by a prisoner proceeding in forma pauperis if I find that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) ("Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States."). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Although Bacon does not state the constitutional provision under which he brings his claims, I construe his allegations as asserting a violation of his right to

free exercise of his religious beliefs under the First Amendment. U.S. Const. amend. I. To prevail on a free exercise claim, an inmate must show that the prison policy which substantially burdened the practice of his sincere, religious beliefs was not reasonably related to legitimate penological interests. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). The Supreme Court defines a "substantial burden" as one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Review Bd. of Ind. Employ't Sec. Div.*, 450 U.S. 707, 718 (1981).

Bacon fails to state facts to support any of these required showings. Bacon does not state what his religious beliefs are or what dietary requirements are set by those beliefs, or indicate how he notified prison officials of his beliefs and his desire for accommodation of those beliefs. Bacon also fails to demonstrate that the strip cell conditions of the Hunger Strike Protocol interfered in any way with his ability to fast in keeping with his beliefs. Finally, Bacon fails to show that the protocol imposed on him is not reasonably related to legitimate penological interests, such as discouraging hunger strikes and ensuring that an inmate who is not eating, does not have access to any item in his cell with which he could further harm himself. In short, Bacon's Complaint does not offer sufficient factual allegations to support a plausible claim that the short-lived hunger strike measures

imposed on him placed a substantial burden on his exercise of any sincere religious belief, as required to state a First Amendment claim actionable under § 1983.

Bacon's complaint also offers no factual support for a claim that these measures violated his constitutional right to access the courts. Such a claim requires facts to show that the defendants' actions caused some specific harm to the inmate's litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Bacon makes no such showing. Similarly, Bacon's allegations do not state any actionable claim under the Eighth Amendment's prohibition against cruel and unusual punishment, because he fails to show that the challenged conditions caused him any serious physical or emotional harm. *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

For the stated reasons, I find that this action must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: January 30, 2015

/s/ James P. Jones
United States District Judge

-4-

Case 7:14-cv-00612-JPJ-RSB   Document 14   Filed 02/02/15   Page 4 of 4   Pageid#: 62